

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEFF P. CARLILE | § | |
| | § | |
| v. | § | 2:05-CV-0150 |
| | § | (2:04-CR-0023 (1)) |
| UNITED STATES OF AMERICA | § | |

### REPORT AND RECOMMENDATION TO DENY MOTION
### TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant JEFF P. CARLILE has filed with this Court a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the motion to vacate, set aside or correct sentence be DENIED.

I.
FACTS AND PROCEDURAL HISTORY

On April 16, 2004, CARLILE pled guilty, pursuant to a plea agreement, to a superseding information charging him with possession of "materials that contained images of child pornography that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer" in violation of 18 U.S.C. §§2252A(a)(5)(B). On June 15, 2004, CARLILE was sentenced to 43 months imprisonment and a three-year term of supervised release. He did not appeal.

On May 26, 2005, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On July 12, 2005, the

government filed a response in opposition to defendant's motion to vacate with an accompanying Appendix. Defendant filed a reply to the government's response on July 26, 2005. On August 17, 2006, the United States District Judge entered an Order in response to a letter which the Court construed as a motion to modify the judgment, in particular the terms of supervised release to eliminate the requirement CARLILE register as a sex offender. The Court denied the motion.

## II.
## DEFENDANT'S ALLEGATIONS

Defendant CARLILE raises the following grounds in support of his contention that his conviction and sentence were imposed in violation of the Constitution or laws of the United States:

1. Defendant's conviction and sentence should be vacated because of the existence of exculpatory evidence which was made known by defendant to defense counsel and the FBI but was never pursued or investigated and which raises doubts as to the validity of the conviction;

2. The sentence was imposed according to Sentencing Guidelines containing unconstitutional provisions;

3. Defendant did not have the opportunity to request or receive a downward departure at sentencing;

4. Title 18, United States Code, §2252A(a)(5)(B) is unconstitutional as applied to the conviction of the defendant;

5. The conditions of supervised release imposed on defendant implicate a severe liberty interest violation.

## III.
## CLAIM NO. 1

Under this ground, defendant argues he told the F.B.I. and his defense counsel that his internet account and e-mail identity were being used illegally by unknown persons and that the

computer on which the child pornography was stored was a company computer to which several other people had access. It is unclear what defendant CARLILE's actual claim is. It does not appear to be a challenge to the sufficiency of the evidence, as defendant does not contest the evidence actually supporting his conviction. That evidence is set forth in the Factual Resume, attached hereto as Attachment A, showing defendant admitted he knowingly possessed materials that contained images of child pornography which had been transported in interstate or foreign commerce (Factual Resume at p.1). Further, at his rearraignment, the Factual Resume was read and defendant testified to its truth. (Rearraignment Tr. Pp. 12-14 attached hereto as Attachment B). Thus, not only is there sufficient evidence of record to support the guilty plea, such evidence rebuts any claim of innocence. *Pelton v. U.S.*, 465 F.2d 952 (5th Cir. 1972). Since defendant CARLILE admitted knowingly possessing illegal child pornography, it is of no consequence that others had access to his computer, if in fact such is the case.

If, on the other hand, defendant is presenting some sort of *Brady*[1] claim, such claim is without merit. Defendant CARLILE has not shown that the government had possession of exculpatory evidence which they did not disclose.

Moreover, the defendant has not challenged the sworn affidavit of his defense counsel, Warren L. Clark, averring, in relevant part, that he and the defendant reviewed the instant messages from defendant's computer generated during the Government's investigation at an attorney-client conference held March 22, 2004, and, though counsel encouraged defendant's comments or explanation, defendant CARLILE had none. Mr. Clark further states that "[a]t no time did the client ever suggest that the Ims [instant messages] were fraudulent or that someone

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

with his password and posing as him was engaged in the on-line discussions with the F.B.I. agent."

Defendant attached to his Petition a May 4, 2005 letter from America Online, his internet service provider, concerning bulk mail that was sent from defendant's account on December 9, 2003 and January 18, 2004. The incident(s) to which defendant plead guilty, however, occurred January 14, 2004 and concerned possession of images received and stored on his computer. Defendant has not shown how the information he presents as exculpatory evidence could have affected the outcome of his case. Thus, defendant has failed to show actual prejudice. The Court notes defendant does not assert these arguments as a true *Brady* claim and that, in any event, the Government has no obligation to investigate potential defenses.

## CLAIM NO. 2

Defendant asserts his sentence under the mandatory Sentencing Guidelines scheme based on several judicially-determined facts is unconstitutional in light of *U.S. v. Booker*, 453 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Defendant contends these facts must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Therefore, defendant argues, his sentence should be vacated. Judgment was entered on June 15, 2004, and became final ten days later, upon expiration of the time in which to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A)(i). The Court notes that the rulings in *Booker* and *Blakely*[2] were handed down subsequent to judgment in this cause becoming final and are not retroactively applicable to cases on collateral review. *See*, *Padilla v. U.S.*, 416 F.3d 424 (5th Cir. 2005). *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005). Therefore, neither defendant's *Blakely* claim nor his *Booker*

---

[2] *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

claim are cognizable on collateral review by this 2255 motion. Defendant's claim that his sentence, assessed under the federal Sentencing Guidelines, is unconstitutional and should be vacated, based upon *Blakely* and *Booker*, is without merit and should be DENIED.

## CLAIM NO. 3

Defendant further argues he was denied the opportunity to request a downward departure based on aberrant behavior which the Court could have granted because the Sentencing Guidelines were not mandatory. To the extent defendant's challenge is a challenge to the misapplication of the Guidelines, it is not cognizable on collateral review. *United States .v Wiliamson*, 183 F.3d 458, 462 (5th Cir. 1999). Further, as discussed above, *Booker* is not retroactive and *Booker* claims are not cognizable on collateral review. *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). In addition, defendant does not challenge the sworn affidavit of defendant's attorney, Mr. Warren L. Clark[3], who averred he "devoted substantial hours to researching the merits of requesting a downward departure on Defendant Carlile's anticipated guideline range of punishment. [Mr. Clark's] research showed that there was no good faith argument that could be made, primarily because of the amendments to the sentencing guidelines, referred to as "PROTECT" (Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 20 03, Pub. L. No. 108-21); §§ 5H1.1 and 5K2.22." Moreover, Mr. Clark states he informed defendant of the results of his research and his opinion on June 1, 2004, and that defendant fully understood the fruits of counsel's research and his conclusions. Lastly, defendant has not shown any such request for downward departure would have been granted by

---

[3]Mr. Clark's sworn affidavit was filed by the Respondent on July 12, 2005 as Appendix to Response in Opposition to Motion under 28 U.S.C. § 2255.

the trial court. Defendant has failed to show prejudice.

## CLAIM NO. 4

In what appears to be an attack on the sufficiency of the evidence, defendant argues the amount of pornography he possessed was so small it did not affect interstate commerce. Sufficiency of the evidence is an issue for consideration on direct appeal, not on collateral review. *Kelly v. U.S.*, 350 F.2d 398, 399 (5th Cir. 1965). Moreover, if defendant is attempting to attack Congress' power under the Commerce Clause to regulate images transported over the internet, that challenge fails. The internet is a channel or instrumentality of interstate commerce and the Commerce Clause gives Congress the authority to regulate "channels of interstate commerce" and "instrumentalities of interstate commerce." *U.S. v. MacEwan*, 455 F.3d 237 (3rd. Cir. 2006).

## CLAIM NO. 5

Defendant complains the conditions of supervised release "implicate a severe liberty interest violation." Defendant contends he was not advised his guilty plea would trigger a determination that the offense was sexually motivated and result in conditions of supervised release that would be imposed because of that finding.

Initially, the Court notes defendant previously challenged the terms of supervised release, in particular, the requirement that he register as a sex offender. As set forth previously, the District Judge denied plaintiff's motion on August 17, 2006.

The defendant is not required to be informed in advance of the conditions of supervised release which will be imposed. Fed.R. Crim.P. 11(b)(1). The statute under which defendant plead guilty delineated the sentencing range for violations and defendant's sentence fell toward the lower end of the sentencing guidelines. Further, at that time, Title 18, United States Code, section 3583(d) required sex offender registration as a condition of supervised release for any

person convicted of "Sexual Exploitation and Other Abuse of Children," which included Title 18 United States Code, section 2252A. Defendant has not argued he would not have plead guilty had he known of this condition of supervised release. Thus, the defendant failed to show the existence of actual prejudice.

Nor can the defendant claim this condition is not related to the conduct underlying the offense for which he was convicted. Clearly, it was. As to his claim that the condition of supervised release requiring him to provide a DNA sample violates his privacy rights under the Fourth Amendment, that issue has been considered and decided by the Fifth Circuit. A person who has been convicted and incarcerated does not retain a constitutional privacy interest against his correct identification and, therefore, the collection of DNA for inclusion in a database maintained by the FBI pursuant to the DNA Analysis Backlog Elimination Act does not constitute an unreasonable search or seizure under the Fourth Amendment. *Groceman v. U.S. Dept. of Justice*, 354 F.3d 411, 413 (5th Cir. 2004). Defendant does not argue he would not have plead guilty had he known of this condition and has failed to show prejudice.

Lastly, concerning the condition that defendant obtain permission before incurring new credit charges or opening additional lines of credit, defendant argues this condition is unreasonable, but he did not and does not now challenge the pre-sentence report to the effect that, at the time of sentencing, he had a mortgage on his home and $92,863.00 worth of unsecured debt, most of it credit card debt. The Court noted that this resulted in a negative net worth and a negative cash flow and opined that whatever assets defendant had should be used for the support of his family. The Court did not impose a fine, but imposed the condition that defendant obtain permission before incurring new credit charges or opening additional line of credit. The district court has wide discretion in imposing terms and conditions of supervised release. *United States v.*

*Phipps*, 319 F.3d 177, 193 (5th Cir. 2003).  Again, defendant does not argue he would not have plead guilty had he known of this condition and, thus, has failed to show prejudice.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the motion to vacate, set aside and correct sentence, filed by defendant JEFF P. CARLILE be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of June, 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the

Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).